# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
## August 14, 2013 Session

## TOMMY LEE PAGE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-C-2860    Monte Watkins, Judge**

---

**No.  M2012-02686-CCA-R3-PC - Filed September 23, 2013**

---

Petitioner, Tommy Lee Page, was indicted by a Davidson County Grand Jury for one count of sale of a controlled substance in a Drug Free School Zone.  He entered a guilty plea to the reduced charge of the sale of a controlled substance weighing less than .5 grams.[1]  Pursuant to the plea agreement, Petitioner was sentenced to fifteen years as a Range II, multiple offender.  Petitioner subsequently filed a petition for post-conviction relief arguing that he was afforded ineffective assistance of counsel and that he entered his guilty plea unknowingly and involuntarily.  After a thorough review of the record, we conclude that Petitioner has failed to prove any of his allegations that counsel's representation was ineffective and we conclude that his plea was entered knowingly and voluntarily.  Therefore, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER , JJ., joined.

Ryan K.H. Nevin, Nashville, Tennessee, for appellant, Tommy Lee Page.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]Because no judgments appear in the record, we glean the conviction offense from the post-conviction court's order denying relief and the transcript of the plea hearing.

# OPINION

### *Factual Background*

The following facts were set out at the guilty plea hearing:

[O]n July the 9th, 2009 at, approximately, seven-fifty p.m., the East CSU conducted a buy-bust at 1601 D.B. Todd with the use of a CI. The CI was aware of drug sales out of that house at 1601 D.B. Todd.

The CI was searched and wired by Detective Jones and given previously photocopied buy-money. The CI walked up to the co-defendant Andra Miller, who was also present to testify, and stated she wanted a forty. At that point in time the co-defendant, Ms. Miller, made a phone call, and at that time Mr. Page showed up.

The lead officer, Comoro (ph.), observed Mr. Page arrive and hand the CI a substance that later tested positive for cocaine; and, also, from the TBI Lab report it was verified that it was a schedule two cocaine.

After the transaction took place Mr. Page along with Ms. Miller were apprehended at a market nearby. The co-defendant, Ms. Miller, had the previously photocopied buy-money on her person. And the officers, also, confiscated three cell phones along with three hundred and nineteen dollars.

Based on these facts and the fact that 101 D.B. Todd is here in Davidson County, the State recommends the previously announced disposition.

A Davidson County Grand Jury indicted Petitioner for one count of the sale of a schedule II substance in a Drug Free Zone. Petitioner pled guilty to one count of the sale of a schedule II substance, cocaine, weighing less than .5 grams. Pursuant to the plea agreement, Petitioner was sentenced to fifteen years as a Range II, multiple offender.

On February 1, 2012, Petitioner filed a pro se petition for post-conviction relief. The post-conviction court appointed counsel. The petition alleged that Petitioner received ineffective assistance of counsel and that he entered his plea unknowingly and involuntarily. The post-conviction court held an evidentiary hearing on September 26, 2012.

Petitioner was the first witness at the hearing. He testified that he was arrested on the drug charge on July 9, 2009, was appointed counsel, and was released on bond the next day. In November of 2009, Petitioner was arrested for a murder charge. He remained in jail and met with trial counsel about three times before entering his plea. He said that he wanted to go to trial but changed his mind after voir dire because he thought he was going to get a life sentence for the "[d]rug charge and manslaughter." Petitioner said he sent about six letters to trial counsel during the pendency of his case and that she never responded. He also requested a copy of everything in his file. He claimed that he never received any paperwork from his counsel. Further, Petitioner reported the actions of trial counsel to the Board of Professional Responsibility.

Petitioner also complained that he did not receive pre-trial jail credit on the drug charge but admitted on cross-examination that he received credit for pre-trial jail time on his murder conviction. Petitioner agreed that he pled guilty in that case also and received a concurrent sentence of fifteen years. Petitioner claimed that he was told he would get a life sentence on the murder charge unless he pled guilty on the drug charge. Petitioner admitted that he knew the range of punishment was twelve to twenty years on the drug charge.

Trial counsel testified that she met with Petitioner every time that he was on the court docket and at least four times while he was incarcerated. During these meetings, trial counsel discussed trial strategy at length. She interviewed the co-defendant "at length" in preparation for trial. Trial counsel recalled getting a letter from the Board of Professional Responsibility concerning Petitioner's requests for a copy of his entire file. In response, she provided Petitioner with that information in a timely manner.

Trial counsel denied that she told Petitioner he would receive a life sentence if he failed to plead guilty. In fact, Petitioner was so adamant about going to trial that trial counsel prepared a document outlining Petitioner's sentence exposure for him to sign prior to trial. Due to Petitioner's limited vision, a court officer read the document to Petitioner in the presence of another attorney.

Trial counsel went over his plea bargain arrangement before he entered his plea. She said there was no indication that he did not understand the plea.

The post-conviction court filed a written order denying the petition. The post-conviction court specifically found that trial counsel's testimony at the hearing was credible. The post-conviction court included the following findings:

At the evidentiary hearing, trial counsel testified that she met with the defendant and advised him of the evidence against him. Further, the defendant was advised of likelihood of conviction and the range of punishment. The petitioner contends that counsel failed to communicate with him regarding the status of his case and theories of defense. The petitioner asserts that counsel only advised him to plead guilty to avoid a life sentence in prison.

Trial counsel introduced Exhibit 1 a letter outlining the possible years the defendant could serve if convicted of the charged offense as well as the State's plea offer which the petitioner signed and dated. Further, the plea petition which the petitioner signed indicates the possible incarceration as well as the incarceration pursuant to his plea agreement.

Petitioner has failed to demonstrate by clear and convincing evidence ineffective assistance of counsel and that the plea was a violation of due process rights in violation of a constitutional right to render his conviction and sentence void or voidable under the Post Conviction Relief Act. The Court does not find the petitioner's testimony to be credible. Accordingly, the Court finds that Petitioner has failed to show that he was prejudice[d] by counsel's allegedly deficient conduct.

The post-conviction court denied relief and dismissed the petition.

## ANALYSIS
### Post-conviction Standard of Review

On appeal, Petitioner argues that he was afforded ineffective assistance of counsel and that his guilty plea was entered unknowingly and involuntarily. The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing by clear and convincing evidence that "(a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial." *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996); *see also* T.C.A. § 40-30-110(f). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that the issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, Petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U,S, 668 (1984), Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. 466 U.S. at 694. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977), *superceded on other grounds by* Tenn. R. Crim. P. 37(b) and Tenn. R. App. P. 3(b). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242; *see Pettus*, 986 S.W.2d at 542. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. 553 S.W.2d at 340; *see Pettus*, 986 S.W.2d at 542. The standard is the same for a "best interest" or *Alford* plea, that is, "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S.W.2d at 904.

Petitioner has failed to show that but for trial counsel's alleged deficiencies, he would have refused to plead guilty and insisted on going to trial. Petitioner testified that trial counsel did not meet with him very many times prior to trial, failed to provide him with documents, and told him that he would be required to serve a life sentence if he did not enter a guilty plea. Trial counsel adamantly denied these assertions when she testified at the post-conviction hearing. The post-conviction court specifically found trial counsel's testimony to be credible. It is up to the trial court to determine credibility of witnesses and the post-conviction court's findings have the weight of a jury verdict. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). Therefore, Petitioner has not proven that trial counsel's representation was deficient and that he would not have pled guilty if not for her representation.

Furthermore, the transcript of the guilty plea hearing reflects that the trial court discussed the ramifications of the guilty plea with Petitioner. He was thoroughly questioned by the trial court to ascertain whether he understood the effects of the plea. The plea hearing also indicates that Petitioner knew what he was doing, understood the plea, and agreed that it was what he wanted to do to resolve the case. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Moreover, Petitioner has failed to prove he did not understand the consequences of his plea.

-6-

## CONCLUSION

For the foregoing reasons, we affirm the denial of Petitioner's petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE